**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MONTE ALBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   25-4439 (UNA) |
| | ) | |
| GREG ABBOTT *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This action brought *pro se* is before the Court on review of Plaintiff's Complaint for Declaratory and Injunctive Relief and motion for leave to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP motion and dismisses the complaint.

Plaintiff, a resident of Pflugerville, Texas, sues Texas's Governor Greg Abbott and Attorney General Ken Paxton and Florida's Governor Ron DeSantis and former Attorney General Ashley Moody in their official capacities.  He alleges that both States through public statements and policies of "their highest officials" have stigmatized the Muslim community of which he once belonged.  *See* Compl. ¶¶ 1-2, ECF No. 1. Plaintiff seeks sweeping "declaratory and injunctive relief to prohibit unconstitutional state conduct that collectively labels Muslim-associated individuals, ex-Muslims, or civil-rights organizations as terrorists based on stereotypes, political motives, or the actions of unrelated extremist actors." *Id*. ¶ 4; *see* Compl. at 4-5 (Prayer for Relief).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  This official-capacity lawsuit "is, in all respects other than name, to be treated as a suit against the

[governmental] entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Eleventh Amendment immunizes states from lawsuits filed against them in federal court absent their consent to be sued or Congress' "unequivocally expressed" intent to abrogate the states' sovereign immunity.[1] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

Plaintiff brings this action under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201. Compl. at 4. Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties," *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989), and "the availability of declaratory relief presupposes the existence of a judicially remediable right," *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (cleaned up). Therefore, this case will be dismissed by separate order.

                                      _____/s/_____
                                        CHRISTOPHER R. COOPER

Date: June 1, 2026                          United States District Judge

---

[1] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).